WILLIAM HEMMENWAY *vs.* LEVI C. TOWNER & wife.

*Prima facie*, every child born in wedlock is presumed to be legitimate; and this presumption cannot be rebutted by proof of the wife's adultery while cohabiting with her husband, and of her deceased husband's declarations that the child was not his.

PETITION FOR PARTITION. At the hearing in this court it appeared that the land in question was devised to the heirs at law of William Hemmenway; and the principal question in issue was, whether the petitioner was his son. Certain evidence, which is stated in the opinion, was offered to prove the illegitimacy of the petitioner, and rejected by *Merrick*, J., and the respondents alleged exceptions.

 *A. V. Lynde*, for the respondents.

*S. Wells, Jr.* for the petitioner.

METCALF, J. William Hemmenway and the mother of the petitioner were lawful husband and wife, and lived together, as such, until within six months next before the petitioner's birth, to wit, until April 1834, when the mother deserted her husband, and has since cohabited with James Grover, who brought up and supported the petitioner till he was fifteen years old.

At the trial, the respondents attempted to show that the petitioner is not the legitimate child of William Hemmenway, by proof, in addition to the facts above stated, of the declarations of the said Hemmenway, the declarations of the said Grover, and the fact that the brothers and sisters and other relations of the said Hemmenway never recognized the petitioner as his heir. The judge refused to receive testimony as to either of these suggested facts; and in our opinion neither of them, nor all of them combined, could legally be proved for the purpose for which evidence thereof was offered.

It is established law, that every child born in wedlock, when the husband is not shown to be impotent, is presumed to be legitimate, even though the parties are living apart by mutual consent; that this presumption (as held in modern times) may be rebutted by proof that the husband had no access to his

18*

wife during the time when, according to the course of nature, he could be the father of the child; but that the presumption cannot be rebutted by proof of the wife's adultery while cohabiting with her husband — the law not allowing the admission of evidence on the question, whether the adulterer or the husband is most likely to be the father of the child. The decisions on this subject are cited in 1 Greenl. Ev. § 28; Garde on Ev 25; Best on Ev. §§ 303, 330; 2 Selw. N. P. (11th ed.) 758 & seq.; Rogers on Ecclesiastical Law, (2d ed.) 88–98; 2 Kent Com. (10th ed.) 236, 237. See also 2 Pothier on Obligations, (Evans's ed.) 341–355, and 1 Erskine's Institutes, (ed. of 1824,) 153, 154.                            *Exceptions overruled.*